467 So.2d 1023 (1985)
BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY, Appellant,
v.
CENTRAL FLORIDA PROFESSIONAL FIRE FIGHTERS ASSOCIATION, LOCAL 2057, IAFF, and Public Employees Relations Commission, Appellees.
No. 83-1735.
District Court of Appeal of Florida, Fifth District.
January 31, 1985.
Rehearing Denied March 11, 1985.
*1024 Charles R. Fawsett of Rock, Fawsett & Elliott, Orlando, for appellant.
Tobe Lev & Joseph Egan of Egan & Lev, Orlando, for appellee Central Florida Professional Fire Fighters Association, Local 2057, I.A.F.F.
Phillip P. Quaschnick and Stephen A. Meck of the Public Employees Relations Commission, Tallahassee, for appellee Public Employees Relations Commission.
DAUKSCH, Judge.
This is an appeal from a final order of the Public Employees Relations Commission (PERC or Commission).
Appellee filed an unfair labor practice charge against appellant alleging a violation of section 447.501(1)(a) and (c).
(1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
* * * * * *
(c) Refusing to bargain collectively, failing to bargain collectively in good faith, or refusing to sign a final agreement agreed upon with the certified bargaining agent for the public employees in the bargaining unit.
The charge was that the County unilaterally changed an established practice of the fire fighters regarding store visitation while on duty. It had been the practice of some fire fighters from various fire station houses to go to the grocery store and other stores to pick up food and supplies while on duty. The County also refused to permit tape-recorders to be used during bargaining sessions. The Union filed a charge on that basis, too.
The hearing officer's recommended order found that the County violated sections 447.501(1)(a) and (c), Florida Statutes (1981), by refusing to collectively bargain over wages, hours, terms and conditions of employment so long as the Local, as represented by its certified bargaining agent, sought to tape-record the negotiations. The officer also found that the County violated section 447.501(1)(c) by unilaterally changing, after a request for bargaining, an established term or condition of employment without using the impasse resolution procedure required by section 447.403, Florida Statutes. The Union was deemed the prevailing party and was recommended to be awarded attorney's fees and costs for that portion of the charge relating to the unilateral implementation of the County's store visitation policy.
On exceptions filed by the County, PERC reversed the hearing officer's finding and recommended ruling that the County violated the law by not bargaining while being tape-recorded by the Union. The hearing officer had opined that the Union had a right under sections 286.011, (Florida's Sunshine Law) and 447.605(2), Florida Statutes, to tape-record its collective bargaining negotiations. In reversing on this point, PERC refused to hold that parties had a right under section 286.011 to tape-record negotiation sessions but instead resolved the matter by examining the parties' total conduct in deciding whether one party has placed an "unreasonable restriction" on the other in violation of section 447.501(1)(a) and (c). In this case it was held that the County's conduct did not constitute a refusal to bargain in good faith on the whole, even though the County did engage in an incident of bad faith. PERC did approve the findings and rulings of the hearing officer concerning the store visitation issue and awarded the Union attorney's fees to remedy this violation.
For those who are interested, the order on appeal is found and cited Central Florida Professional Fire Fighters, Local 2057, Charging Party v. Board of County *1025 Commissioners of Orange County, Respondent, 9 FPER § 14272 at 771-784.
The order of PERC is devoted at great length to the tape-recorder issue. That is not an issue on appeal here.
The Commission found that "The County, acting through its duly authorized agents, violated Section 447.501(1)(c) by unilaterally changing the store visitation policy that had been in place since the County became the public employer of the fire fighting employees represented by Local 2057."
The County has challenged that finding, saying it is not supported by the evidence. There is sufficient evidence to support the finding that there existed a custom on the part of many fire fighters to go to the store with the permission of their supervisors and that custom existed for a significant period of time.
William Burchfield, a paramedic with the County who was stationed at fifteen or sixteen stations throughout the County, testified that prior to implementation of the no-visitation policy he had always been able to go to stores during working hours. He testified further that at every station he traveled to, store visitation by fire fighters on engines or rescue trucks was permitted so long as these personnel were in radio contact with their dispatcher. When assigned to station 50, Burchfield observed the County's Chief Operations Chief, Mr. Hooper, tell one of the firemen to take his car and go down to the store to buy ice cream. Burchfield also testified that it was a common practice for battalion chiefs to go out and eat at restaurants.
Michael Fortier, president of the Union, testified that he observed other engine companies stop and shop at stores during paid duty time. He then stated that he lives several blocks from station 72 and, quite often, combat employees would walk by his house on the way to a store from the station. Fortier stated further that he made a telephone survey of every station on becoming president of the Union and that each company officer acknowledged that stops by members of their units were made at stores during work time. This hearsay evidence was objected to. The hearing officer's recommended order states that Fortier's telephone survey (as hearsay evidence) was insufficient to prove that after consolidation all of the fire department employees at each and every fire station were allowed store visitation while on duty. This evidence could be used, however, for the purpose of supplementing or explaining other evidence. See § 120.58(1)(a), Fla. Stats. Fortier's testimony also revealed that some stops were made without explicit permission from company chiefs but he assumed that company officers always knew where the trucks went. Fortier visited stores on numerous occasions with the permission of his battalion chief. While there was some testimony countering that of Burchfield and Fortier, the hearing examiner's findings and the Commission's order cannot be reversed merely because there is a dispute.
Likewise, we cannot find any basis upon which to reverse the order of the Commission which requires the County to negotiate with the Union regarding the store visitation policy. However, we are in agreement with the wording of the recommendation of the hearing officer wherein he recommended the order require the County to "[r]escind the written policy prohibiting ... store visitation by on-duty fire fighters. This does not preclude the County from further bargaining or utilization of the impasse resolution procedure articulated in section 447.403, Florida Statutes (1981)." We do not know why the Commission felt it proper to delete the impasse wording when it adopted the recommendations of the hearing officer. We deem it proper and thus require its inclusion.
We cannot support, and thus reverse, those portions of the order which require the posting of notices and the payment of attorney's fees. If the Union wants to bargain about store visitation then it may do so, as required in the order. To require notice publication is an unnecessary expense, in an already inordinately *1026 expensive matter. Attorney's fees are ordinarily and properly only awarded where there is a blatant disregard by a public employer for the rights under the employee's collective bargaining agreement. Laborers International Union of North America v. City of Winter Park, 4 FPER § 4278 (1978); Davie Fire Fighters, Local 2315 v. Town of Davie, 4 FPER § 4153 (1978); Jacksonville Association of Fire Fighters, Local 1834 v. City of Jacksonville, 4 FPER 4248 (1978). Such was not the case here. In fact, the main thrust of all this litigation became more centered upon the tape-recorder issue rather than the more substantive store visitation issue. The Union was at least as much at fault, as can be readily seen from the history recounted in the Commission's order, as was the County.
Store visitation under the facts of this case became either a condition directly affecting, or impacting upon, employment or a condition of employment and the County should have used its best efforts to open negotiation about it with the Union. The Union was as much at fault as the County, or more, in failing to sit down at the bargaining table to talk and negotiate. The order requiring negotiation, if properly requested by the Union is affirmed, as to that requirement only. Those portions of the order which require notice posting and costs and attorney's fees are reversed.
It is so ordered.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.